AMELIA B. LOCKWOOD, PROSECUTRIX, v. THE MAYOR AND CITY COUNCIL OF EAST ORANGE ET AL.

Submitted March 26, 1906—Decided June 11, 1906.

1. By the provisions of section 46 of an act for the incorporation of cities, &c. (*Pamph. L.* 1899, *p.* 283), an ordinance to erect a fire-house on a city lot must be submitted to a vote of the citizens.
2. Section 71 of that act, which provides that no *certiorari* shall be allowed to set aside any ordinance for any improvement after the contract therefor shall have been awarded, does not apply to an ordinance to build a fire-house.

---

On *certiorari.*

Before Justices FORT, PITNEY and REED.

For the prosecutrix, *Frank H. Sommers.*

For the defendants, *Jerome D. Gedney.*

The opinion of the court was delivered by

REED, J. This writ brings up an ordinance passed by the city council of the city of East Orange, on July 11th, 1904, which ordinance provided that there should be appropriated and raised by taxation for the fiscal year beginning March 1st, 1904, and ending March 1st, 1905, *inter alia,* the sum of $20,000 for building and equipping a new fire-house in the Fifth ward. The writ also brings up a resolution of said city council adopted on March 28th, 1904, recommending that a fire-house be erected on the city's lot on Park avenue,

in the Fifth ward; also a resolution, on June 13th, adopting the report of a committee recommending that the clerk advertise for bids for the erection of the fire-house; also the resolutions awarding contracts and also the contracts for such erection.

All these proceedings are parts of a scheme to erect a fire-house, to be paid for by taxes raised upon property in East Orange.

The validity of the whole scheme rests upon the ordinance of July 11th, 1904.

The legality of that ordinance is challenged because, it is insisted, the question of building a new fire-house should have been first submitted to the voters of East Orange—which, it is admitted, was not done.

The charter of municipal power under which East Orange is operating is to be found in "An act for the incorporation of cities and providing for their officers, government and powers." *Pamph. L.* 1899, *p.* 283. Section 48 of that act provides that the city council may by ordinance submit to the voters of the city, at an annual or special election, a proposal or proposals to purchase land and to erect thereon a city hall, jail, hospital, public lighting or other municipal building or buildings.

Now, that a fire-house is a municipal building is, of course, manifest.

Nor will the rule of statutory construction that when general words follow particular and specific words the former must be confined to things of the same kind operate so as to remove fire-houses from the class of buildings included in the term "municipal." It cannot be deemed that a fire-house differs in kind from the specifically enumerated municipal buildings, such as jails, public lighting and hospitals.

Nor do I find any exclusion of fire-houses from the operation of section 46 because of the power conferred upon council, in section 51, to pass an ordinance for raising by taxation moneys for the maintenance of the fire department. The same section confers power to raise money by taxation for maintaining public parks and for lighting the streets of

the city, but that no land for parks and no lighting system can be purchased without the approval of a majority of the voters at an election, appears by the express provisions of section 46. The two sections should be construed together, so that both may stand; and so construed the ability to purchase land and to erect a new fire-house rests upon the approval of such a proposition by a popular vote.

When the building is so erected, the power to maintain and repair it conferred by section 51 comes into play.

Indeed, the counsel for the defendant hardly contends for the legality of the ordinance in question.

His insistence is only that the prosecutrix is barred—*first,* by the language of section 71 of the act of 1899 (*Pamph. L., p.* 313) ; and *secondly,* by her laches in applying for the writ of *certiorari.*

The language of section 71 is that no *certiorari* shall be allowed to set aside any ordinance for any improvement after the contract therefor shall have been awarded by the council of the city, and no *certiorari* shall be allowed or granted to set aside any assessment made for any sewer or street improvement of any kind after thirty days shall have elapsed from the date of the confirmation of such assessment by the council of such city.

Upon inspection of the act, it appears that section 71 follows a series of sections dealing with the laying out of streets, opening, grading the same, and with the building of sewers and with the assessment of the benefits from such street sewer or other improvement.

· These are the kind of improvements an ordinance for which is protected from attack by *certiorari* after contract awarded, or after a period of thirty days has elapsed after a confirmation of an assessment. Section 71 is not applicable to an ordinance of the kind in question.

Nor apart from this statute do we find any laches which will bar the prosecutrix from prosecuting this writ.

The writ was procured a week after the resolution awarding the contract was passed, and in twenty days after the passage of the ordinance of July 11th, 1904. She had, on July 13th,

joined in presenting a petition to council requesting that no resolution should be passed recommending the erection of a building.

It is insisted, however, that the lot upon which the fire-house was to be erected had been purchased in October, 1902, without a vote of the citizens approving the transaction, and that the husband of the prosecutrix, soon after the lot was purchased, knew of it, and of the purpose for which it was bought. It further appears that because he thought the erection of a fire-house would injure his property in the vicinity he proposed to find a purchaser for the lot, if council would select another site. If his knowledge is imputable to the prosecutrix, yet we do not think that because she knew a lot had been illegally purchased for the purpose mentioned she is precluded from attacking the further expenditure of money illegally in erecting a building thereon. Because she did not attack the first expenditure it does not follow that she is debarred from attacking a later and distinct illegal appropriation.

The ordinance and all proceedings taken under its provisions are set aside.